**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ERICOM SOFTWARE, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| JOHN PETERSON and HIGH WIRE NETWORKS, INC., | ) | Case No. 1:23-cv-13844<br>Honorable Jorge L. Alonso |
| Defendants. | ) | |

# ORDER

For the reasons set forth in the "Statement" section below, the parties' Joint Motion for Entry of Stipulated Dismissal of Ericom's Claims Against John Peterson [43] is DENIED without prejudice. The parties may choose to (1) file a renewed motion for entry of stipulated dismissal that attaches a copy of the settlement agreement for this Court's review, which the parties may move to seal if appropriate and desired; (2) file a motion for entry of a consent decree with a proposed consent decree that comports with Federal Rule of Civil Procedure 65(d); (3) stipulate to dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii); (4) file an offer of judgment and notice of acceptance pursuant to Rule 68(a); or (5) otherwise proceed in another manner as deemed appropriate by the attorneys. New filings submitted in compliance with this order should be received by 6/25/2024. Motion hearing date of 5/29/2024 is stricken and reset to 7/2/2024 at 9:30 a.m.

## STATEMENT

Before the Court is the parties' Joint Motion for Entry of Stipulated Dismissal of Ericom's Claims Against John Peterson. (ECF No. 43.) Without argument or analysis, and without submission of their settlement agreement to the Court, the parties have requested that the Court "retain jurisdiction for the purpose of enforcing the terms of the Settlement Agreement." (Agreed [Proposed] Order of Dismissal of Ericom Software, Inc.'s Claims Against John Peterson ("Proposed Order") ¶ 2, ECF No. 43-1.) For the following reasons, the motion is DENIED without prejudice.

### I. Legal Standard on a Motion Requesting Retention of Federal Jurisdiction

There are three common ways parties end the substantive litigation when a settlement is reached: (1) notice or stipulation of dismissal; (2) Rule 68 offer and acceptance; or (3) proposed consent decree.

First, a plaintiff may file a notice of dismissal, or the parties may file a stipulation of dismissal, which closes the case and requires no further action by the court. Fed. R. Civ. P. 41(a)(1)(A). Ordinarily, parties who have settled and wish to dismiss the case with finality will do so, pursuant to Rule 41(a)(1)(A)(ii), by providing that the dismissal is with prejudice. *See McCall–Bey v. Franzen*, 777 F.2d 1178, 1184 (7th Cir. 1985). If one of the parties breaches the settlement, the forum for that breach of contract dispute is state court, unless a new suit could be brought on the basis of diversity of citizenship or some other source of federal jurisdiction. *Lynch, Inc. v. SamataMason Inc.*, 279 F.3d 487, 489 (7th Cir. 2002) ("A settlement agreement [absent additional measures] is enforced just like any other contract." (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 380–81 (1994)).

Second, parties may reach a settlement by way of Rule 68(a). Once an offer from the defending party is accepted and proof is filed on the docket, the clerk must enter judgment. Fed. R. Civ. P. 68(a). A plaintiff who intends to use the judgment to collect on a breach of the settlement may prefer this option. Additionally, a defendant may seek a satisfaction of judgment once the debt has been paid in full. Fed. R. Civ. P. 60(b)(5).

Third, the parties may enter into a settlement agreement, request the court to enter a "consent decree"—an injunction binding the parties pursuant to the requirements enunciated by Rule 65(d)—and dismiss the case without prejudice. *Kokkonen*, 511 U.S. at 377–82. This procedure is necessary because federal courts are courts of limited jurisdiction and cannot simply retain jurisdiction by a mere statement that they intend to enforce a settlement agreement. *Id.* at 377 ("Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . which is not to be expanded by judicial decree[.]" (citations omitted)). In *Kokkonen*, the parties reached a settlement and orally provided its terms to the district court before dismissing the case. The Supreme Court held its limited jurisdiction precluded it from enforcing the settlement:

> The situation would be quite different if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal—either by separate provision (such as a provision "retaining jurisdiction" over the settlement agreement) or by incorporating the terms of the settlement agreement in the order. In that event, a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist. That, however, was not the case here. The judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order.

*Kokkonen*, 511 U.S. at 381.

In *Lynch, Inc. v. SamataMason Inc.*, 279 F.3d 487 (7th Cir. 2002), the parties reached an oral settlement in the judge's presence but later disagreed over its terms. On appeal, the Seventh Circuit held that a "settlement agreement, unless it is embodied in a consent decree or some other

judicial order . . . is enforced just like any other contract." *Lynch*, 279 F.3d at 489 (citing *Kokkonen*, 511 U.S. at 380–81). Similarly, in *Shapo v. Engle*, 463 F.3d 641, 643 (7th Cir. 2006), the court sought to retain jurisdiction to enforce a settlement agreement after dismissing the case with prejudice. The Seventh Circuit reiterated its *Lynch* holding, stating that "a district judge cannot dismiss a suit with prejudice, thus terminating federal jurisdiction, yet at the same time retain jurisdiction . . . . (An exception is the inherent power of a court that has issued an injunction, even if that injunction ended the lawsuit, to enforce it, as by contempt proceedings. . . .)" *Id.* (citations omitted).

A district court's order declaring an intent to retain jurisdiction over a case after the original case or controversy has been resolved in a dismissal or judgment ordinarily must comply with Rule 65(d); doing so permits the court to act to enforce the settlement pursuant to its original source of jurisdiction. *See Blue Cross & Blue Shield Ass'n v. Am. Express Co.*, 467 F.3d 634, 636 (7th Cir. 2006) (holding that district court's order that it "retain[ed] jurisdiction" to enforce settlement agreement was ineffectual after a dismissal of the underlying claim because the order intended to bind the parties and thus was an injunction but did not comply with Rule 65(d)); *id.* at 638 ("Indeed, if the settlement had been entered as a consent decree, as it should have been, the original federal-question jurisdiction would have sufficed.").

Rule 65(d) requires that an "order granting an injunction . . . must: (a) state the reasons why it issued; (b) state its terms specifically; and (c) describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." Fed. R. Civ. P. 65(d). Once the decree is entered, the case may be dismissed by the parties pursuant to Rule 41(a)(1); alternatively, if the parties have moved for the Court's dismissal of the claims pursuant to Rule 41(a)(2), the decree may itself also dismiss the claims. *See Kokkonnen*, 511 U.S. at 381–

82 (countenancing dismissal with jurisdiction retained at parties' request pursuant to either Rule 41(a)(1) or 41(a)(2)). Because the terms of the settlement have been drafted into a court order, the court may then enforce the settlement by way of contempt proceedings (or whatever else the decree authorizes the court to do in light of a breach).

There is, however, support for the proposition that parties may agree to waive the requirements of Rule 65(d). *See Brumby Metals, Inc. v. Bargen*, 275 F.2d 46, 49 (7th Cir. 1960) ("We believe that Rule 65(d) is controlling and mandatory under these circumstances, or any other circumstances except by complete agreement of counsel."); Judge Morton Denlow (Ret.), *What's an Attorney to Do? Ensuring Federal Jurisdiction Over Settlement Agreements in Light of Recent Seventh Circuit Cases*, https://www.ilnd.uscourts.gov/_assets/_documents/_forms/_judges/DENLOW/FederalJurisdiction.pdf.

## II. Analysis

Here, the parties pursue a version of the third option. The parties have proposed that the Court dismiss the case "without prejudice with leave to reinstate on or before May 31, 2027, for the purpose of enforcing the settlement" and "retain jurisdiction for the purpose of enforcing the terms of the Settlement Agreement." (Proposed Order ¶ 2–3, ECF No. 43-1.) Although the proposed dismissal is without prejudice, the Proposed Order states, "The Parties are barred from relitigating any claims raised in this litigation or any claims released by means of the Settlement Agreement." (*Id.* ¶ 3.) The Proposed Order contemplates that "[i]n the event a motion to reinstate or motion to enforce settlement is not filed on or before May 31, 2027, the Court shall relinquish jurisdiction and the case shall be deemed dismissed with prejudice without further order of the Court." (*Id.* ¶ 4.) The Proposed Order further states, "The Parties expressly waive their rights under Federal Rule of Civil Procedure 65(d) to the extent Rule 65(d) requires this order to be specific in

terms or to describe in reasonable detail, and without reference to the Settlement Agreement, the act or acts to be restrained." (*Id.* ¶ 1.)

As set forth above, to retain jurisdiction for enforcing a settlement agreement, the parties may move for entry of a consent decree that complies with the requirements for an injunction laid out in Rule 65(d). The parties do not set forth the terms of the settlement agreement in their Proposed Order—perhaps in an attempt at maintaining confidentiality of the terms—and choose instead to agree to waive the requirements of Rule 65(d).

Simply because the parties choose to waive Rule 65(d) does not require this Court to blindly enforce the terms of the settlement agreement. The Court has no access to the terms of the settlement agreement because the parties have not provided them to the Court. The parties do not mention in their motion or Proposed Order that the settlement agreement is confidential, but whatever may be the reason for its non-inclusion in the parties' filings, the Court will not retain jurisdiction to enforce a settlement agreement of which it is told nothing. *See N.L.R.B. v. Brooke Indus. Inc.*, 867 F.2d 434, 435 (7th Cir. 1989) (a district court is not required to enforce an agreement regardless of the terms); *McCall-Bey*, 777 F.2d at 1189 ("No responsible judge would agree to conditions of which he had no knowledge; the conditions might be against public policy."); *N. Am. Specialty Ins. Co. v. Abden Corp.*, No. 416CV04064SLDJEH, 2016 WL 6902108, at *1–3 (C.D. Ill. Nov. 23, 2016) (declining to retain jurisdiction to enforce a settlement agreement of which the court had no knowledge).

The parties appear to intend for the Court to retain jurisdiction to enforce the settlement agreement while maintaining the confidentiality of its terms. In consideration of the parties' desired outcome, and in the interest of clarity for the parties and the Court, the Court directs the parties to comply with one of the following options:

First, if the parties wish for the Court to retain jurisdiction to enforce the settlement agreement and to maintain its confidentiality, the parties can refile their Joint Motion for Entry of Dismissal of Ericom's Claims Against John Peterson and attach the settlement agreement. The parties may move to seal the settlement agreement, or portions thereof, if appropriate and desired by the parties.

Second, if the parties wish for the Court to retain jurisdiction but choose to forego the confidentiality of their settlement agreement to pursue a consent decree, they should submit an a proposed consent decree that comports with the requirements of Rule 65(d), as elucidated above.

Third, the parties may file a stipulation of dismissal that complies with Federal Rule of Civil Procedure 41(a)(1)(A)(ii) with the understanding that a violation of the terms of the agreement can be addressed only in a separate suit. The parties will be free to litigate future violations of their agreement in state court, or re-file a future suit in federal court, if there exists an independent basis for a federal court to exert jurisdiction. *See Lynch*, 279 F.3d at 489.

Fourth, the parties may choose to file an offer of judgment and notice of acceptance pursuant to Rule 68(a), elucidating the "specified terms" of the offer and accrued costs, which must then be entered by the Court. Fed. R. Civ. P. 68(a).

New filings submitted in compliance with this Order should be received by June 25, 2024. Motion hearing date of May 29, 2024, is stricken and reset to July 2, 2024, at 9:30 a.m.

Entered: May 28, 2024

SO ORDERED.



HON. JORGE L. ALONSO
United States District Judge