**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| ERICOM SOFTWARE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>JOHN PETERSON and HIGH WIRE NETWORKS, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:23-cv-13844 |

**JOINT MOTION TO SUBMIT UNDER SEAL MATERIALS**
**IN SUPPORT OF A JOINT MOTION FOR ENTRY OF STIPULATED DISMISSAL**

Plaintiff Ericom Software, Inc. ("Ericom") and Defendant High Wire Networks, Inc. ("High Wire," and together with Ericom the "Parties") hereby move under Local Rules 5.8 and 26.2 for leave to submit under seal a version of their Joint Motion for Entry of Stipulated Dismissal of Ericom's Claims against High Wire including an unredacted version of Exhibit B to that Motion, which is a confidential settlement agreement between them effective August 12, 2024 (the "Settlement Agreement"). In support of their Motion, the Parties state as follows.

1. The Parties are filing the unredacted Settlement Agreement provisionally under seal concurrently with this Motion.

2. The Parties are submitting the Settlement Agreement for the Court's review in keeping with the Court's Order denying without prejudice a previously filed motion concerning the stipulated dismissal of Ericom's claims against Defendant John Peterson, to which the Court referred the Parties in connection with granting the Parties an opportunity to finalize the Settlement Agreement. (ECF Nos. 45, 54.).

3. In that Order, the Court granted leave for Ericom and Peterson to "move to seal the settlement agreement, or portions thereof, if appropriate and desired by the parties."

4. The Court "may for good cause shown enter an order directing that one or more documents be filed under seal." L.R. 26.2(b).

5. The Parties desire to file the Settlement Agreement under seal, which would be appropriate for several of the same reasons provided in Ericom and Peterson's motion to seal the settlement agreement between them, which the Court granted. (ECF Nos. 49, 51.)

6. Primarily, the Parties negotiated the Settlement Agreement "without any court action," so making it public "would not reveal anything about judicial activity." *Goesel v. Boley Int'l (H.K.)*, 738 F.3d 831, 834 (7th Cir. 2013). In *Goesel*, Judge Posner observed that where parties settle without any court action, including that the settlement does not require the court's "approval, disapproval, or approval with modifications," there "will rarely be a good reason to require that its terms be made public." *Id.*

7. In this case, no judicial approval of the settlement terms is required, the terms have not become of issue in a subsequent lawsuit, and the terms are not currently the subject of an enforcement request. *See id.* (observing that settlement terms might be of public interest in those circumstances). The Parties only request that the Court retain jurisdiction to enforce the Settlement Agreement under *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 381-82 (1994).

8. If the Parties ever seek enforcement of the Settlement Agreement, then the Court could revisit whether sealing it continues to be appropriate. The Settlement Agreement authorizes the Parties to disclose its terms if necessary to enforce them.

9. Additionally, the confidential nature of the Settlement Agreement was a bargained-for provision that facilitated resolution of this dispute. "[W]hatever the value of disclosure, it should not obscure the strong public interest in, and policy objectives furthered by, promoting settlement. Thus, absent special circumstances, a court should honor confidentialities that are bargained-for elements of settlement agreements." *Grove Fresh Distributors, Inc. v. John Labatt Ltd.*, 888 F. Supp 1427, 1441 (N.D. Ill. 1995) (quoting Arthur R. Miller, *Confidentiality, Protective Orders, and Public Access to the Courts*, 105. Harv. L. Rev. 427, 486-87 (1991)).

10. Finally, the Parties negotiated the Settlement Agreement contemplating an order based on the example that former Presiding Magistrate Judge Morton Denlow suggested using "[i]f confidentiality is important and there are long-term obligations in the settlement agreement." Denlow, *What's an Attorney to Do? Ensuring Federal Jurisdiction Over Settlement Agreements in Light of Recent Seventh Circuit Cases* ("Judge Denlow Article"), available at http://www.ilnd.uscourts.gov/_assets/_documents/_forms/_judges/DENLOW/Federal Jurisdiction.pdf. As Judge Denlow further explained, the example that the Parties used as a basis for the Settlement Agreement "offers the maximal jurisdictional security while presenting manageable *res judicata* risks." *Id.*

11. As the Court previously observed, there is support for the proposition that Parties may waive the requirements of Federal Rule of Civil Procedure 65(d) to maintain the confidentiality of settlement terms while requesting that the Court retain jurisdiction under *Kokkonen*. (ECF No. 45 at 5, citing the Judge Denlow Article and *Brumby Metals, Inc. v. Bargen*, 275 F.2d 46, 49 (7th Cir. 1960) ("We believe that Rule 65(d) is controlling and mandatory . . . except by complete agreement of counsel.")).

12. If the Court does not permit the Parties to file the Settlement Agreement under seal, then the Parties will not be able to both (i) maintain the confidentiality of the Settlement Agreement's terms and (ii) request that the Court retain jurisdiction under *Kokkonen*, as envisioned by the Judge Denlow Article and as intended by the Parties.

13. Permitting the Parties to file the Settlement Agreement under seal would be consistent with the Court's prior order permitting Ericom and Peterson to file the settlement agreement between them under seal. (ECF No. 51.)

WHEREFORE, the Parties request that this Court grant this Motion and enter an order granting the Parties leave to file the Settlement Agreement under seal.

[Signatures follow.]

Dated: August 30, 2024

Respectfully submitted,

DLA PIPER LLP (US)

/s/ John J. Hamill

John J. Hamill (ARDC No. 6217530)
*john.hamill@us.dlapiper.com*
Pamela Begaj Loutos (ARDC No. 6299075)
*pamela.loutos@us.dlapiper.com*
444 West Lake Street, Suite 900
Chicago, Illinois 60606-0089
Tel: 312.368.7036
Fax: 312.251.5809

Amanda L. Morgan*
*amanda.morgan@us.dlapiper.com*
555 Mission Street, Suite 2400
San Francisco, California 94105-2933
Tel: 415.836.2500
Fax: 415.836.2501

Michael R. Walsh*
*michael.walsh@us.dlapiper.com*
33 Arch Street, 26th Floor
Boston, Massachusetts 02110-1447
Tel: 617.406.6095
Fax: 617.406.6205

*Attorneys for Plaintiff Ericom Software, Inc.*

**Leave to appear pro hac vice granted (ECF No. 10)*

PRYOR CASHMAN LLP

/s/ Thomas H. Vidal

Thomas H. Vidal*
*tvidal@priorcashman.com*
1801 Century Park East
Los Angeles, California 90067
Tel: 310.683.6992

*Attorney for Defendant High Wire Networks, Inc.*

**Motion for leave to appear pro hac vice pending (ECF No. 58)*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 30, 2024, the foregoing document was served via CM/ECF in accordance with applicable Federal Rules of Civil Procedure and Local Rules of the U.S. District Court for the Northern District of Illinois.

*/s/ John J. Hamill*
John J. Hamill (ARDC No. 6217530)